UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>JON A. MESSINGER, et al.,<br><br>    Defendants. | No. 2:20-cv-0051 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his Eighth Amendment rights were violated because defendants used excessive force against him. Presently before the court is plaintiff's motion for a temporary restraining order (ECF No. 5) and plaintiff's failure to comply with this court's January 8, 2020 order (ECF No. 3).

**IN FORMA PAUPERIS**

By order dated January 8, 2020 plaintiff was directed to submit within thirty days the $350.00 filing fee plus the $50.00 administrative fee or a properly completed application to proceed in forma pauperis. (ECF No. 3.) Plaintiff was warned that failure to comply with the court's order could result in a recommendation that this action be dismissed. Those thirty days have expired, and plaintiff has not submitted the filing fee or an application to proceed in forma pauperis. The court will grant plaintiff an additional thirty days to either pay the fee or file a

1

properly completed application. Plaintiff is advised that failure to comply with this order will result in a recommendation that this action be dismissed.

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff states that the California Department of Corrections and Rehabilitation (CDCR) "is going to cell extract him per superior [court] order to transfer him to High Desert State Prison." (ECF No. 5.) Plaintiff states he will be in imminent danger if he is placed at High Desert State Prison (HDSP).

**I.     Legal Standards**

A party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

**II.     Analysis**

It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). "'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)).

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Plaintiff has concluded that his safety will be in jeopardy if he is sent to HDSP. However, he has not included any supporting facts showing why he believes he will be in danger. Plaintiff's speculative safety concerns are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."). Accordingly, the court will recommend that plaintiff's motion for injunctive relief be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign this action to a district judge.
2. Within thirty days of the date of this order plaintiff shall either pay the filing fee or submit an application to proceed in forma pauperis.
3. Failure to either pay the filing fee or submit an application to proceed in forma pauperis will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 5) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2020

DB:12
DB:1/Orders/Prisoner/Civil.Rights/blan0051.tro

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4