UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>JON A. MESSINGER, et al.,<br><br>            Defendants. | No.  2:20-cv-0051 KJM DB P<br><br><br>ORDER |

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants used excessive force against him and falsely found him guilty of a prison rules violation in retaliation.  Presently before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 8, 9) and his complaint for screening (ECF No. 1.)  For the reasons set forth below, the court will grant the motions to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

       Plaintiff has filed two applications requesting to proceed in forma pauperis.  (ECF No. 8, 9.)  Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not

1

Plaintiff's states that he is proceeding in forma pauperis in a separate action in the United States District Court for the Central District of California. He requests that the court take judicial notice of that case and allow him to proceed in forma pauperis in this action.

Plaintiffs is advised that litigants are required to pay the filing fee or move to proceed in forma pauperis in each action filed. See 28 U.S.C. § 1915. When an inmate wishes to proceed with a civil action without full payment of the filing fee, he must submit an affidavit stating the nature of the action and a certified copy of the trust account statement for the 6-month period immediately preceding the filing of the complaint. Id. Additionally, he may not rely on his prior application because in forma pauperis status is made on a case-by-case basis. Accordingly, plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

---

required to pay the $50.00 administrative fee.

1 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
2 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
3 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
4       However, in order to survive dismissal for failure to state a claim a complaint must
5 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
6 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
7 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
8 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
9 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
10 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
11       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

15 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
16 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
17 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
18 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
19 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
20 omits to perform an act which he is legally required to do that causes the deprivation of which
21 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
22       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
23 their employees under a theory of respondeat superior and, therefore, when a named defendant
24 holds a supervisorial position, the causal link between him and the claimed constitutional
25 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
26 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
27 concerning the involvement of official personnel in civil rights violations are not sufficient. See
28 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Amended Complaint

In claim I of the complaint, plaintiff has alleged that on January 1, 2018 officers, Messinger, Andujo, Goforth, Gill, Savage used excessive force against him after he suffered a seizure. (ECF No. 1 at 3.) In claim II of the complaint, plaintiff has alleged that he received a false rules violation report ("RVR"), witnessed by defendants Goforth and Munoz, on March 17, 2019. (ECF No. 1 at 4.) In claim III of the complaint, plaintiff alleged that officers Anaya and Roder, used excessive force against him, while Reynolds, Newlan, Page, and Rose failed to intervene. (ECF No. 1 at 5.) Plaintiff states he "believes that excessive force was deliberately and intentionally waged upon plaintiff's private person" because of his sexual identity.

## III. Unrelated Claims Belong in Different Suits

At the outset, the court informs plaintiff that he cannot bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims involve allegations of excessive force does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

In any amended complaint, plaintiff should choose one claim arising from common events and containing common questions of law or fact. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.") (citing 28 U.S.C. § 1915(g)). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. See Fed. R. Civ. P. 18(a).

The complaint contains allegations regarding three separate events that do not appear to arise from common events or contain common questions of law or fact. Accordingly, the court will dismiss the instant complaint with leave to amend.

## AMENDING THE COMPLAINT

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

1    In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). The amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF No. 8,9) are granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint (ECF Nos. 1) is dismissed.
4. Within sixty (60) days of the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form.
6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 30, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/blan0051.scrn