UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>JON A. MESSINGER, et al.,<br><br>  Defendants. | No. 2:20-cv-0051 KJM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants subjected him to verbal harassment and used excessive force against him.  Presently before the court is plaintiff's amended complaint for screening.  (ECF No. 14.)  For the reasons set forth below, the court will grant plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1    omits to perform an act which he is legally required to do that causes the deprivation of which

2    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4    their employees under a theory of respondeat superior and, therefore, when a named defendant

5    holds a supervisorial position, the causal link between him and the claimed constitutional

6    violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   **II.    Allegations in the Amended Complaint**

11       Plaintiff alleges that the events giving rise to the claim occurred while he was incarcerated

12   at Hight Desert State Prison (HDSP).  (ECF No. 14 at 1.)  He identified the following defendants:

13   (1) correctional officer Jon Mossinger; (2) correctional officers Frank Adujo; (3) correctional

14   officers Gill; (4) correctional officer J. Goforth; (5) correctional officer Savage; and (6)

15   correctional officer J. Lewis.  (Id. at 2.)

16       Plaintiff alleges that on January 20, 2018, while he was in a Mental Health Crisis Bed,

17   officer Mossinger began to harass him, "threatening that he's going to get [plaintiff] because

18   [plaintiff] like[s] to molest little boys."  (Id. at 3.)  Plaintiff states that on January 20, 2018 he

19   attempted to assert his common law copyrights against the California Department of Corrections

20   and Rehabilitation (CDCR) and HDSP without his consent.  (Id. at 4.)

21       Plaintiff further alleges that on January 21, 2018, correctional officer Mossinger kicked

22   his cell door and yelled for him to wake up to take his medication.  (Id. at 5.)  Plaintiff told

23   Mossinger he did not need the medications because it was only Tylenol.  Mossinger snuck into

24   the cell and pointed to a letter plaintiff was trying to write.  When plaintiff realized Mossinger

25   was in his cell he began to panic and blacked out.  When plaintiff woke up he had been pulled out

26   of bed and dragged to the door where officers Gill and Savage were on top of him strangling him

27   with their radio cords.  He further alleges that officers Mossinger and Goforth were kicking him

28   ////

3

in the ribs, officer Lewis was hitting him on the side of his heat with a metal baton, and officer Andujo was standing on his ankles.

### III.  Does Plaintiff State a Claim Under § 1983?

#### A. Verbal Harassment

Plaintiff claims officer Mossinger began to harass plaintiff by threatening he was going to "get" plaintiff because plaintiff "like[s] to molest little boys."  (ECF No. 14 at 3.)

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prison official violates the Eighth Amendment only when two requirements are met" (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.

Allegations of verbal harassment typically do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1998), amended by 135 F.3d 1318 (9th Cir. 1998).  Verbal harassment intended to humiliate or endanger the inmate may violate the Constitution.  See Keenan, 83 F.3d at 1092.  Verbal insults are not sufficient to state a claim.  See Oltarzewski, 830 F.2d at 139 (mere verbal abuse, including the use of racial epithets, is not sufficient to state a constitutional deprivation under section 1983); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not rise to the level of a constitutional violation).

Plaintiff's allegations that Mossinger made a verbal threat is not sufficient to show that his constitutional rights were violated.

#### B. Copyright Infringement

Plaintiff alleges that on January 20, 2018, he attempted to assert his "common law copyrights against CDCR/HDSP from using [his] copyrighted property" without his consent.

4

1  (ECF No. 14 at 4.)  To state a claim for copyright infringement, the plaintiff must allege 1) that he
2  or she owns a valid copyright in a work, and 2) the defendant copied original elements of the
3  copyrighted work. Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 361
4  (1991)); Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir.2006).
5      Here, plaintiff has not alleged that he owns a valid copyright in a work.  Therefore, he has
6  failed to properly allege a claim for copyright infringement.

        **C.  Excessive Force**

8      The unnecessary and wanton infliction of pain violates the Cruel and Unusual
9  Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992).  For
10 claims arising out of the use of excessive physical force, the issue is "'whether force was applied
11 in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause
12 harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curium) (quoting Hudson, 503 U.S. at 7).
13 The objective component of an Eighth Amendment claim is contextual and responsive to
14 contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of
15 force do not violate the Constitution, the malicious and sadistic use of force to cause harm always
16 violates contemporary standards of decency, regardless of whether or not significant injury is
17 evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).
18     The complaint alleges that plaintiff passed out and awoke to officers Mossinger, Gill,
19 Savage, Goforth, Lewis, and Andujo kicking, strangling, and hitting him.  Such allegations are
20 sufficient to state an excessive force claim against these defendants.

        **AMENDING THE COMPLAINT**

22     As set forth above, the amended complaint states an excessive force claim against
23 defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo, but does not state any other
24 claims.  Accordingly, plaintiff will be given the opportunity to proceed with the complaint as
25 screened or to amend the complaint.  If plaintiff chooses to file an amended complaint, he must
26 demonstrate how the conditions about which he complains resulted in a deprivation of his
27 constitutional rights. Rizzo, 423 U.S. at 370-71.  Also, the complaint must allege in specific
28 terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350,

1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). The amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 14) states a potentially cognizable Eighth Amendment claim against defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo as set forth in Section III above. The complaint does not state any additional claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.
2. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
3. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/blan0051.scrn2

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JON A. MESSINGER, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-0051 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_　Plaintiff wants to proceed immediately on his claims Eighth Amendment excessive force claim against defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_　Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　Joshua Davis Bland
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

8