UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:20-cv-0051 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| JON A. MESSINGER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants subjected him to verbal harassment and used excessive force against him. Presently before the court is plaintiff's motion for the appointment of counsel. (ECF No. 32.)

In support of his motion[1] plaintiff requests the appointment of counsel to "safe guard his rights, etc." (ECF No. 32 at 1.) Plaintiff has also cited California Government Code § 100(a) and § 54950 both of which discuss the sovereignty of the citizens of California. He further argues

---

[1] The caption of plaintiff's filing is "Ex Parte Request for Appointment of Counsel pursuant to Law." The court is uncertain what plaintiff means by "ex parte." Typically, an ex parte filing is one to which the opposing party does not have the opportunity or right to respond. Cf. Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534, 1543 (9th Cir. 1993). Like all documents submitted by plaintiff, it is filed on the publicly-available docket in this case. If plaintiff intended to file this document under seal, he is instructed to review Local Rule 141. Plaintiff is also advised that the court will seal filings only upon a showing of a compelling reason for doing so. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010).

1

that "it is the obligated duty of the attorney general to represent that sovereign (the people, myself included) rather than the mechinisms [sic] of government."

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments regarding sovereignty and his filings in this action indicate that he is unable to articulate his claims pro se. Therefore, the court will deny the request for counsel without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 32) is denied.

Dated: November 29, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/blan0051.31