1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JOSHUA DAVIS BLAND,                          No.  2:20-cv-0051 KJM DB P

11                    Plaintiff,

12        v.                                       ORDER

13    JON A. MESSINGER, et al.,

14                    Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17    U.S.C. § 1983.  Plaintiff claims defendants subjected him to verbal harassment and used

18    excessive force against him.  Presently before the court are the parties' response to the court's

19    order to show cause (ECF Nos. 39, 41) and plaintiff's motion to appoint counsel (ECF No. 40).

20                        **RESPONSES TO ORDER TO SHOW CAUSE**

21        The Discovery and Scheduling Order ("DSO") was issued on March 29, 2021.  (ECF No.

22    28.)  Pursuant to the DSO any dispositive motion was to be filed by October 22, 2021.  (Id. at 6.)

23    Neither party filed a motion for summary judgment before the expiration of the dispositive

24    motion deadline.  Therefore, the undersigned issued an order directing the parties to show cause

25    why this action should not be set for trial.  (ECF No. 38.)  The order further stated that "[a]ny

26    motion seeking to modify the court's discovery and scheduling order should set forth why that

27    party did not seek an extension of time to file a dispositive motion prior to the expiration of the

28    deadline."  (Id. at 2.)

1

**I.       Defendants' Response**

Defendants' response to the show cause order was filed on April 14, 2022.  (ECF No. 39.)
Counsel for defendants' states that he was assigned to this action on April 1, 2022, the same day
the show cause order issued, following the departure of the previously assigned attorney.  (ECF
No. 39 at 1, 3.)  In conducting an investigation to file a response to the court's order, counsel
discovered that plaintiff's claim may be <u>Heck</u>[1] barred.  (<u>Id.</u> at 1-2.)  Counsel requests a forty-five-
day extension of time to file a motion for judgment on the pleadings or inform the court that no
such motion will be filed.  (<u>Id.</u> at 2.)

**II.      Plaintiff's Objection**

Plaintiff also filed a response to the court's order to show cause.  (ECF No. 41.)  Therein,
plaintiff states that he is opposed to the court allowing defendants "another more favorable
opportunity for the defendants to get [his] case . . . dismissed."  (<u>Id.</u> at 1.)

**III.     Legal Standards**

Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified
only for good cause and with the judge's consent."  "The district court may modify the pretrial
schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.
Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a
grant of relief."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).

In this district judges use a three-step inquiry to determine whether the party has acted
diligently in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard,
> the movant may be required to show the following: (1) that she was
> diligent in assisting the Court in creating a workable Rule 16 order;
> (2) that her noncompliance with a Rule 16 deadline occurred or will
> occur, notwithstanding her diligent efforts to comply, because of the
> development of matters which could not have been reasonably
> foreseen or anticipated at the time of the Rule 16 scheduling
> conference; and (3) that she was diligent in seeking amendment of

---

[1] The Supreme Court held in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), that a plaintiff
cannot maintain a § 1983 action to recover damages for "harm caused by actions whose
unlawfulness would render [his] conviction or sentence invalid" when his sentence and
conviction have not previously been reversed, expunged, declared invalid, or called into question
upon issuance of a writ of habeas corpus by a federal court.

1                         the Rule 16 order, once it became apparent that she could not comply
with the order.

2

3 Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

4         In determining whether a party was diligent, the Ninth Circuit has determined that "the

5 focus of the inquiry is upon the moving party's reasons for modification. If that party was not

6 diligent, the inquiry should end." Johnson, 975 F.2d at 610.

7     **IV.**    **Analysis**

8         Defendants seek to modify the DSO to allow additional time to, potentially, file a motion

9 for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 39 at

10 2.) Plaintiff is opposed to modification of the DSO. (ECF No. 41.)

11         Pursuant to Rule 12(c), a party may move for judgment on the pleadings, after the

12 pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). However,

13             Rule 12(c) does not restrict the court's discretion under Rule 16(b).
Just as we have applied Rule 16(b) to a motion pursuant to Rule 56,

14             which states that the motion may be brought "at any time" after
certain criteria are met, . . . a Rule 12(c) motion may be brought after

15             the dispositive motions deadline if the moving party complies with
the requirements of Rule 16(b) and if it will not delay trial.

16

17 Riggins v. Walter, 279 F.3d 422, 427-28 (7th Cir. 1995). Thus, in order to file a motion for

18 judgment on the pleadings after the dispositive motion deadline, a party must show good cause.

19         "Rule 16's 'good cause' standard primarily considers the diligence of the party seeking

20 the amendment." Johnson, 975 F.2d at 609. "A party is not considered to have acted diligently

21 where the proposed amendment is based on information that the party knew, or should have

22 known, in advance of the motion deadline." Fresh Del Monte Produce, Inc. v. Del Monte Foods,

23 Inc., 304 F.R.D. 170, 174-75 (S.D. New York Dec. 8, 2014) (citations and quotations omitted).

24 The abstract of judgment attached to defendants' response and supporting their allegation that

25 plaintiff's claim is Heck barred, is dated April 26, 2019. (ECF No. 39 at 8.) Thus, the

26 information necessary to bring such a motion was available prior to the dispositive motion

27 deadline. There appears to be no reason that a motion for judgment on the pleadings arguing

28 plaintiff's claim is Heck barred could not have been filed before October 22, 2021.

1    "District courts have considerable discretion to manage their dockets and to require

2    compliance with deadlines."  Keeton v. Morningstar, Inc., 667 F.3d 877, 884 (7th Cir. 2012).

3    Defendants' response fails to show good cause sufficient to support their request for modification

4    of the DSO.  In light of the specific instructions in the show cause order, stating that a motion to

5    modify should explain why an extension was not sought before the deadline, the court finds

6    counsel's lack of an explanation unacceptable.

7        The only reason provided for defendants' failure to file a dispositive motion prior to the

8    deadline is that the attorney assigned to the case prior to April 1, 2022, departed the Correctional

9    Law Section of the Attorney General's Office.  (ECF No. 39 at 3 ¶ 1.)  However, "the substitution

10   of new counsel does not justify failure to comply with a scheduling order."  Ross v. American

11   Red Cross, 567 Fed.Appx. 296, 306 (6th Cir. 2014).  Counsel has not provided any additional

12   information addressing their failure to meet the deadline.

13       Additionally, defendants did not seek modification of the DSO until prompted by the

14   court's show cause order issued, nearly five months after expiration of the dispositive motion

15   deadline.  Such a delay in seeking the modification does not show diligence.  Zivkovic v.

16   Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (upholding denial of

17   request to modify scheduling order because four-month delay in seeking modification of

18   scheduling order failed to show party acted diligently in seeking the modification).

19       In the absence of any statement that would support a finding that defendants acted

20   diligently, the court will deny the request for additional time to file a motion for judgment on the

21   pleadings.  Johnson, 975 F.2d at 609 (If the party seeking the modification "was not diligent, the

22   inquiry should end" and the motion to modify should not be granted.); see also Argo v. Woods,

23   399 Fed.Appx 1, 3 (5th Cir. 2010) (upholding district court's denial of motion for judgment on

24   the pleadings where defendant never requested leave to amend the dispositive motion deadline in

25   the scheduling order, failed to give any reason showing how he met Rule 16's "good cause"

26   standard); see also Sea-Land Services, Inc. v. D.I.C., Inc., 102 F.R.D. 252, 253-54

27   (S.D.Tex.1984) (denying motion pursuant to Rule 12(c) filed seven months after motion cut-off

28   ////

4

1  date because the movant offered "no explanation or showing of 'good cause' why . . . the motion

2  should be considered.").

3  **MOTION TO APPOINT COUNSEL**

4  **I.      Plaintiff's Motion**

5  Plaintiff has filed a motion seeking the appointment of counsel.  (ECF No. 40.)  In support

6  of his request, he seeks the appointment of counsel "to safe-guard" his right to equal protection

7  under the law in this case.

8  **II.     Legal Standard**

9  The Supreme Court has ruled that district courts lack authority to require counsel to

10  represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

11  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

12  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

13  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

14  The test for exceptional circumstances requires the court to evaluate the plaintiff's

15  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

16  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

17  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

18  common to most prisoners, such as lack of legal education and limited law library access, do not

19  establish exceptional circumstances that would warrant a request for voluntary assistance of

20  counsel.

21  **III.    Analysis**

22  In this instance the court does not find the required exceptional circumstances, at this

23  time.  Plaintiff has shown he is able to articulate his claims in light of the complexity involved.

24  Additionally, at this stage of the proceedings, the court is unable to determine his likelihood of

25  success on the merits.  Therefore, the court will deny the request to appoint counsel without

26  prejudice to its renewal at a later stage of the proceedings.

27  ////

28  ////

1                                      **CONCLUSION**

2         For the reasons set forth below, IT IS HEREBY ORDERED that:

3         1.  Defendants' request for an extension of time to file a motion for judgment on the

4  pleadings or indicate that they will not file such motion (ECF No. 39) is denied.

5         2.  Plaintiff's motion to appoint counsel (ECF No. 40) is denied without prejudice.

6         3.  The court will issue a further scheduling order in due course.

7  Dated:  April 26, 2022

8

9                                                                                            

10                                       DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18  DB:12
DB/DB Prisoner Inbox/Civil Rights/S/blan0051.osc.resp.31

19

20

21

22

23

24

25

26

27

28