UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>JON A. MESSINGER, et al.,<br><br>            Defendants. | No.  2:20-cv-0051 DAD DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants subjected him to verbal harassment and used excessive force against him. Presently before the court are plaintiff's motions for stay. (ECF Nos. 45, 49.) Defendants have not filed an opposition or statement of non-opposition to plaintiff's motion for stay. For the reasons set forth below, the undersigned will recommend that the motion be denied.

**I.     Plaintiff's Motions**

Plaintiff has asked for a stay because he has a petition for writ of habeas corpus that is presently pending in this court. (ECF No. 45.) He would like to stay his civil rights case because he believes that his petition for writ of habeas corpus will be granted.

In plaintiff's second motion for stay and request for judicial notice, he reiterates his desire for a stay of these proceedings. He also argues that this court is not an Article III constitutional court, "and is in cahoots with the State court's actions to commit fraud." (ECF No. 49 at 1.)

1

## II. Legal Standards

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interest and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## III. Analysis

It appears that plaintiff seeks a stay in the instant case because he believes that if the court were to grant his petition for writ of habeas corpus, his claim in this action would no longer be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1] However, court records indicate that the undersigned has recommended that plaintiff's petition for writ of habeas corpus be dismissed as frivolous. See Bland v. Warden, 2:21-cv-0518 TLN DB (E.D. Cal.) (ECF No. 15). The findings and recommendations remain pending before the district court at this time.

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979). Plaintiff has failed to show why a stay of these proceedings is necessary. Because the undersigned has recommended that his habeas petition be denied, it does not appear likely that he will prevail in having his state criminal conviction overturned in the near future. Plaintiff has not shown that an indefinite stay is appropriate. Accordingly, the court will recommend that plaintiff's motions for stay be denied.

////

---

[1] In Heck, the Supreme Court held that a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.

To the extent plaintiff challenges this court's jurisdiction, he is advised that adverse rulings are not sufficient to divest the court of its jurisdiction. See Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motions for stay (ECF Nos. 45, 49) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/blan0051.stay