UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:20-cv-0051 DAD DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JON A. MESSINGER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his rights under the Eighth Amendment during an incident that occurred on January 21, 2018.

Neither party filed a dispositive motion prior to the deadline. In response to a show cause order, defendants indicated that plaintiff's excessive force claim was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding a prisoner may not pursue a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless the conviction has been overturned, expunged, declared invalid, or otherwise called into question via issuance of a writ of habeas corpus by a federal court), based on plaintiff's state court conviction for battery based on the same January 21, 2018 incident that is the basis for plaintiff's excessive force claim. (ECF No. 39.) Thereafter, the undersigned directed the parties to submit supplemental briefing on whether the Supreme Court's decision in Heck serves as a jurisdictional bar preventing this court from addressing the merits of plaintiff's

1

claim. (ECF No. 44.) Upon review of the parties' briefs, and for the reasons set forth below, the undersigned has determined that Heck does not bar plaintiff's claim, and will therefore recommend that this matter proceed to trial.

**I.    Procedural History**

Plaintiff initiated this action by filing the original complaint which was docketed on January 6, 2020. (ECF No. 1.) The undersigned screened and dismissed the original complaint for failure to state a claim. (ECF No. 11.) Plaintiff filed a first amended complaint. (ECF No. 14.) Upon screening, the undersigned determined the amended complaint stated a cognizable excessive force claim against defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo. (ECF No. 15 at 5.) The undersigned further determined that the complaint did not contain any additional cognizable claims. (Id. at 4-5.) Plaintiff was given the option to proceed immediately with his excessive force claim or file an amended complaint. (Id. at 5, 7.) Plaintiff elected to proceed immediately, voluntarily dismissing all other claims. (ECF No. 16.)

Defendants were served (ECF No. 22), and this action was referred to the court's post-screening ADR (Alternative Dispute Resolution) Project (ECF No. 23). Defendants moved to opt out of the ADR Project. (ECF No. 24.) The motion was granted, and defendants were directed to file an answer. (ECF No. 25.) Defendants filed an answer (ECF No. 27), and the undersigned issued a discovery and scheduling order ("DSO") (ECF No. 28). Pursuant to the deadlines set forth in the DSO, discovery was to be completed by July 30, 2021, and dispositive motions were to be filed on or before October 22, 2021. (ECF No. 28 at 6.)

Neither party filed a motion for summary judgment nor requested additional time to file a motion for summary judgment before October 22, 2021. Several months after expiration of the dispositive motion deadline, the undersigned issued a show cause order directing the parties to show cause why this action should not be set for trial. (ECF No. 39.) Defendants filed a response requesting additional time to file a motion for judgment on the pleadings because plaintiff's claim is barred by Heck. (ECF No. 39.) Plaintiff filed an objection to the response indicating he was opposed to allowing defendants another opportunity to request dismissal. (ECF No. 41.)

////

The undersigned denied defendants' request for additional time to file a motion for judgment on the pleadings because they failed to show good cause sufficient to warrant modification of the dispositive motion deadline. (ECF No. 42.) However, in light of the issue raised in defendants' response to the show cause order, the undersigned directed the parties to file briefing on whether Heck is a jurisdictional bar to adjudication of the merits of plaintiff's claim. (ECF No. 44.) Defendants filed a response addressing the issue. (ECF No. 46.) Plaintiff filed a motion for stay, which was denied. (ECF Nos. 50, 54.)

## II. Allegations in the Amended Complaint

Plaintiff alleges that on January 21, 2018, correctional officer Mossinger kicked his cell door and yelled for him to wake up to take his medication. (ECF No. 14 at 5.) Plaintiff told Mossinger he did not need the medication because it was only Tylenol. Plaintiff further alleges that Mossinger snuck into the cell, when plaintiff realized Mossinger was in the cell he began to panic and blacked out. (Id.) When plaintiff woke up he had been pulled from his bed, dragged to the door, and officers Gill and Savage were on top of him strangling him with their radio cords. (Id.) He further states that officers Mossinger and Goforth were kicking him in the ribs, offices Lewis was hitting him on the side of his head with a metal baton, and officers Andjuo was standing on his ankles. (Id.)

## III. Defendants' Response

In their response, defendants argue that plaintiff's "excessive force claim and criminal conviction arise out of the same January 21, 2018 incident; are not divisible from one another; and directly and irreconcilably conflict." (ECF No. 46 at 6.) Thus, if plaintiff were to succeed on his excessive force claim, it would necessarily imply the invalidity of his criminal conviction. Accordingly, they argue that plaintiff's claim is barred and should be dismissed.

Exhibits filed along with defendants' response indicates that plaintiff plead guilty to violation of California Penal Code § 4501.5, battery on a nonconfined person by a prisoner, and admitted a prior strike allegation. (ECF No. 46-1 at 24.) Plaintiff was also found guilty of a rules violation report ("RVR"). (ECF No. 46-3 at 21.) The facts supporting the guilty finding indicate that after refusing his medication, plaintiff ran toward the door while officers Mossinger and

3

1  Andujo were exiting plaintiff's cell.  (Id. at 18.)  The RVR further states that plaintiff failed to
2  comply with orders, continued to attempt to exit the cell, and used his walker as a weapon to
3  strike Mossinger on his shoulder.  (Id.)  Officer Lewis used a baton to strike plaintiff before and
4  after plaintiff struck Mossinger with his walker.  (Id.)  Officers ultimately put plaintiff on the
5  ground and restrained him.  (Id.)

### IV. Legal Standards

The United States Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994) that a plaintiff may not prevail on a § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence....'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).  It is the defendant's burden to show that a plaintiff's claim is barred by Heck.  See Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001).

"To decide whether success on a section 1983 claim would *necessarily* imply the invalidity of a conviction, we must determine which acts formed the basis for the conviction." Lemos v. County of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022) (emphasis in original).  "When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea." Id. (citing Smith v. City of Hemet, 394 F.3d 689, 696-97 (9th Cir. 2005) (en banc) and Sanford v. Motts, 258 F.3d 1117, 1119-20 (9th Cir. 2001)).

### V. Is Plaintiff's Claim Heck Barred?

Defendants argue that plaintiff's claim is Heck barred and should be dismissed.  The undersigned will recommend that this action proceed to trial because (1) the Ninth Circuit has

indicated that Heck is not jurisdictional and (2) it is possible that excessive force was used before or after the conduct that led to plaintiff's conviction for battery on a nonconfined person by a prisoner.

### A. Ninth Circuit Guidance Indicates Heck is not Jurisdictional

Neither party's response to the show cause order directly discusses whether Heck is a jurisdictional barrier to adjudication of the merits of plaintiff's claims.

"[T]he Heck decision contains no jurisdictional language." Vuyanich v. Smithton Borough, 5 F.4th 379, 389 (3d Cir. 2021). "The First and Eleventh Circuits have described Heck's favorable termination requirement as both 'jurisdictional' and as an 'element' of a claim for damages arising from a conviction or sentence under § 1983." Garrett v. Murphy, 17 F.4th 419, 427 (3d Cir. 2021). The Seventh Circuit characterized Heck's favorable-termination requirement as an affirmative defense subject to "waiver," analogous to an exhaustion requirement. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011).

While discussing whether cases dismissed pursuant to Heck "categorically count as dismissals for failure to state a claim," the Ninth Circuit stated that "compliance with Heck most closely resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an affirmative defense and not a pleading requirement." Washington v. Los Angeles Cnty. Sheriff's Dept., 833 F.3d 1048, 1056 (9th Cir. 2016). In light of such guidance, the undersigned declines to find that it is without jurisdiction due to plaintiff's state court conviction or that the Heck bar is not subject to waiver. Accordingly, Heck does not serve as a jurisdictional bar preventing this court from addressing the merits of plaintiff's claim. Jiron v. City of Lakewood, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (noting Heck is not jurisdiction and addressing the merits of claim plaintiff conceded was Heck barred).

### B. Heck does not Necessarily Bar Plaintiff's Claim

Defendants argue that plaintiff's excessive force claim and criminal conviction for violation of California Penal Code § 4501.5 arise out of the same incident, are not divisible, and irreconcilably conflict. (ECF No. 46 at 6.) Defendants have also included the results of the RVR finding plaintiff guilty of battery. (ECF No. 46-3.)

Plaintiff pled guilty to battery of a nonconfined person by a prisoner in the Lassen County Superior Court. (ECF No. 46-1 at 24.) During the plea hearing, the parties stipulated that "on or about January 21, 2018, [plaintiff] violated California Penal Code Section 4501.5 as a felony in the State of California, battery on a non-confined person by a prisoner." (ECF No. 46-1 at 52.) The complaint alleged that plaintiff "unlawfully, while confined in California State Prison, commit a battery upon a non-confined person. (ECF No. 46-1 at 11.)

It is possible that officers used excessive force before the actions that resulted in the guilty finding or that officers used excessive force in response to plaintiff's actions. See Stevenson v. Holland, No. 1:16-cv-1831 AWI JLT, 2020 WL 264422, at *15 (E.D. Cal. Jan. 17, 2020) (Plaintiff was found guilty of "Battery on a Peace Officer with Serious Injury" but court declined to find that plaintiff's excessive force claim was Heck barred because "even if Plaintiff battered [defendant] by shouldering and kicking him and fractured [defendant's] hand, Plaintiff can advance the cognizable legal theory that the force applied by the prison officers in response was excessive and unnecessary and applied maliciously and sadistically for the purpose of causing harm to Plaintiff"); Mann v. Garcia, No. 1:21-cv-0764 AWI EPG (PC), 2022 WL 412013, at *4 (E.D. Cal.) ("Correctional officers may be liable for excessive force against an inmate who commits battery . . . .").

That plaintiff was found guilty of violating prison rules also does not foreclose his ability to pursue an excessive force claim. Puckett v. Zamora, No. 1:12-cv0948 DLB PC, 2015 WL 757330, at *4 (E.D. Cal. Feb. 23, 2015) (finding plaintiff's excessive force claims were not Heck barred due to RVR "because the guilty finding concerned only the initial takedown and the necessity of the force used by [the defendant] in responding to Plaintiff's provocation."); Stallling v. Stinson, No. 2:20-cv-1180 JAM JDP (PC), 2021 WL 3630470, at *3 (E.D. Cal. Aug. 17, 2021) (finding plaintiff's excessive force claim was not Heck barred because the court found the RVR guilty finding was not inconsistent with the allegations in plaintiff's complaint).

Here, the account of the events in the RVR indicate that officers used force after plaintiff failed to comply with orders and attempted to exit his cell. (ECF No. 46-3 at 18.) When plaintiff failed to comply, officers used force in an attempt to subdue plaintiff. (Id.) Plaintiff then used his

walker to strike officer Mossinger. Officers continued to attempt to subdue plaintiff with negative results. Officer Goforth pushed plaintiff back into his cell, put plaintiff in a prone position, and restrained him. (Id.)

In the operative complaint, plaintiff alleged that on January 21, 2018, officer Mossinger kicked his cell door and yelled for him to wake up and take his medication. (ECF No. 14 at 5.) Plaintiff told Mossinger he did not need the medication because it was only Tylenol. Mossinger snuck into the cell and pointed to a letter plaintiff was trying to write. When plaintiff realized Mossinger was in his cell he began to panic and blacked out. (Id.) When he woke up he had been pulled out of bed and dragged to the door where officers Gill and Savage were on top of him strangling him with their radio cords. He further alleges that officers Mossinger and Goforth were kicking him in the ribs, officer Lewis was hitting him on the side of his head with a metal baton, and officer Andujo was standing on his ankles. (Id.)

Comparison of the two accounts do not foreclose the possibility that officers used more force than necessary following plaintiff's conduct that led to both the RVR guilty finding and state court conviction. See Lemos v. County of Sonoma, 40 F.4th 1002, 1008 (9th Cir. 2022) ("Even though the civil action and the criminal conviction both arose from 'one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.'") (citations omitted); Geray v. Morrison, No. 20-cv-02580-JST, 2020 WL 9066041, at *2 (N.D. Cal. Sept. 24, 2020) ("Heck does not apply to bar claims arising out of conduct that occurred before or after the specific conduct underlying the criminal charge."); Mann v. Garcia, 1:21-cv-0764 AWI EPG (PC), 2022 WL 412013, at *4 (E.D. Cal. Feb. 10, 2022) ("[B]attery charges against Plaintiff concern whether Plaintiff committed certain acts of battery against correctional officers . . . . Correctional officers may be liable for excessive force against an inmate who commits battery against correctional officers.").

Accordingly, the undersigned finds that Heck is not absolute bar to plaintiff's excessive force claim.

////

7

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action proceed to trial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/blan0051.Heck