1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JOSHUA DAVIS BLAND,                     No.  2:20-cv-0051 DAD DB P

11              Plaintiff,

12         v.                                 ORDER

13    JON A. MESSINGER, et al.,

14              Defendants.

15

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17    U.S.C. § 1983.  Plaintiff claims defendants used excessive force against him in violation of his

18    rights under the Eighth Amendment during an incident that occurred on January 21, 2018.  On

19    August 8, 2023, the undersigned recommended that this action proceed to trial.  (ECF No. 55.)

20    For the reasons set forth below, the undersigned will vacate the August 8, 2023 findings and

21    recommendations and direct the parties to file supplemental briefing.

22    **I.      Background**

23         **A. Allegations in the Operative Complaint**

24         Plaintiff alleges that on January 21, 2018, correctional officer Mossinger kicked his cell

25    door and yelled for him to wake up to take his medication.  (ECF No. 14 at 5.)  Plaintiff told

26    Mossinger he did not need the medication because it was only Tylenol.  Plaintiff further alleges

27    that Mossinger snuck into the cell, when plaintiff realized Mossinger was in the cell he began to

28    panic and blacked out.  (Id.)  When plaintiff woke up he had been pulled from his bed, dragged to

1

1   the door, and officers Gill and Savage were on top of him strangling him with their radio cords.

2   (Id.)  He further states that officers Mossinger and Goforth were kicking him in the ribs, offices

3   Lewis was hitting him on the side of his head with a metal baton, and officers Andjuo was

4   standing on his ankles.  (Id.)

5               **B.  Procedural History**

6        Plaintiff initiated this action by filing the original complaint which was docketed on

7   January 6, 2020.  (ECF No. 1.)  The undersigned screened and dismissed the original complaint

8   for failure to state a claim.  (ECF No. 11.)  Plaintiff filed a first amended complaint.  (ECF No.

9   14.)  Upon screening, the undersigned determined the amended complaint stated a cognizable

10  excessive force claim against defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo.

11  (ECF No. 15 at 5.)  The undersigned further determined that the complaint did not contain any

12  additional cognizable claims.  (Id. at 4-5.)  Plaintiff was given the option to proceed immediately

13  with his excessive force claim or file an amended complaint.  (Id. at 5, 7.)  Plaintiff elected to

14  proceed immediately, voluntarily dismissing all other claims.  (ECF No. 16.)

15       Defendants were served (ECF No. 22), and this action was referred to the court's post-

16  screening ADR (Alternative Dispute Resolution) Project (ECF No. 23).  Defendants moved to opt

17  out of the ADR Project.  (ECF No. 24.)  The motion was granted, and defendants were directed to

18  file an answer.  (ECF No. 25.)  Defendants filed an answer (ECF No. 27), and the undersigned

19  issued a discovery and scheduling order ("DSO") (ECF No. 28).  Pursuant to the deadlines set

20  forth in the DSO, discovery was to be completed by July 30, 2021, and dispositive motions were

21  to be filed on or before October 22, 2021.  (ECF No. 28 at 6.)

22       Neither party filed a motion for summary judgment nor requested additional time to file a

23  motion for summary judgment before October 22, 2021.  Several months after expiration of the

24  dispositive motion deadline, the undersigned issued a show cause order directing the parties to

25  show cause why this action should not be set for trial.  (ECF No. 39.)  Defendants filed a response

26  requesting additional time to file a motion for judgment on the pleadings because plaintiff's claim

27  is barred by Heck. (ECF No. 39.)  Plaintiff filed an objection to the response indicating he was

28  opposed to allowing defendants another opportunity to request dismissal.  (ECF No. 41.)

1     The undersigned denied defendants' request for additional time to file a motion for

2   judgment on the pleadings because they failed to show good cause sufficient to warrant

3   modification of the dispositive motion deadline.  (ECF No. 42.)  However, in light of the issue

4   raised in defendants' response to the show cause order, the undersigned directed the parties to file

5   briefing on whether Heck is a jurisdictional bar to adjudication of the merits of plaintiff's claim.

6   (ECF No. 44.)  Defendants filed a response addressing the issue.  (ECF No. 46.)  Plaintiff filed a

7   motion for stay, which was denied.  (ECF Nos. 50, 54.)

8     On August 8, 2023, the undersigned issued findings and recommendations recommending

9   that this action proceed to trial because it determined Heck did not serve as a jurisdictional bar

10   and did not necessarily bar plaintiff's claim in this action.  (ECF No. 55.)  Defendants filed timely

11   objections to the findings and recommendations.  (ECF No. 56.)

12     **II.     Recent Ninth Circuit Holding**

13     In the August 8, 2023, findings and recommendations ("F&Rs"), the undersigned noted

14   that the Ninth Circuit had not indicated whether Heck is a jurisdictional barrier to adjudication of

15   the merits of plaintiff's claims.  (ECF No. 55 at 5.)  The F&Rs further noted that while the First

16   and Eleventh Circuits had described Heck as jurisdictional and the Seventh Circuit characterized

17   it as an affirmative defense subject to waiver, the Ninth Circuit had not squarely addressed the

18   issue.  (Id.)  Rather, the Ninth Circuit had stated that "compliance with Heck most closely

19   resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an

20   affirmative defense and not a pleading requirement."  (Id.)

21     On January 11, 2024, the Ninth Circuit issued an opinion in Hebrard v. Nofziger, 90 F.4th

22   1000 (2024).  Therein, the Court held that Heck is an affirmative defense that can be waived or

23   forfeited.  Id. at 1006.  In Hebrard, the defendant did not raise Heck as a defense.  Rather, the

24   district court raise Heck sua sponte following oral argument on defendant's motion for summary

25   judgment.  Id. at 1005.  On appeal, plaintiff argued that defendants "failure to raise Heck and the

26   'sheer passage of time' were sufficient to constitute waiver."  Id. at 1006.  The Ninth Circuit

27   rejected plaintiff's argument and determined that defendant's failure to raise the argument in a

28   timely fashion constituted a forfeiture and not a waiver.  Id.

1    The undersigned previously determined that in light of defendants' failure to timely raise

2  the defense, the Court was not required to dismiss plaintiff's claim.  (ECF No. 55.)  However, in

3  light of the Ninth Circuit's decision in Hebrard and specifically its statement that delay in

4  asserting the defense did not constitute waiver, the undersigned will vacate the August 8, 2023,

5  F&Rs.  The parties will be directed to file supplemental briefs on whether this action is barred by

6  Heck.

7  **III.    Conclusion**

8    For the reasons set forth above, IT IS HEREBY ORDERED that:

9    1.  The August 8, 2023 F&Rs (ECF No. 55) are vacated;

10    2.  Within thirty days of the date of this order defendants shall file supplemental briefing

11      on whether this action is Heck barred.

12    3.  Plaintiff's response if any shall be filed within thirty days of the date of service of

13      defendants' brief.

14  Dated:  March 27, 2024

15

16

17                      DEBORAH BARNES
                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21  DB:12
    DB/DB Prisoner Inbox/Civil Rights/S/blan0051.Heck

22

23

24

25

26

27

28