UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>JON MOSSINGER, et al.,<br><br>    Defendants. | No. 2:20-cv-0051 DAD SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force in violation of his rights under the Eighth Amendment. Before the court is the question of the application of Heck v. Humphrey, 512 U.S. 477 (1994), to this case. For the reasons set forth below, this court recognizes plaintiff's request to dismiss defendant Mossinger, finds Heck does not bar plaintiff's claims against the remaining defendants, and recommends defendant's request to dismiss this case be denied and the case proceed to trial.

**BACKGROUND**

I.  **Allegations in the Operative Complaint**

Plaintiff alleges the following: On January 21, 2018, when plaintiff was incarcerated at High Desert State Prison ("HDSP"), Correctional Officer Mossinger kicked his cell door and yelled for him to wake up to take his medication. Plaintiff told Mossinger he did not need the

1

medication because it was only Tylenol.  Mossinger then snuck into the cell.  When plaintiff realized Mossinger was in the cell he began to panic and blacked out.  When plaintiff woke up, he had been pulled from his bed, dragged to the door, and all defendant officers were beating him. (First Am. Compl., ECF No. 14 at 5.)

## II.    Procedural History

On screening, the court determined the first amended complaint stated cognizable excessive force claims against defendants Mossinger, Gill, Savage, Goforth, Lewis, and Andujo. (ECF No. 15 at 5.)  The court further determined that the first amended complaint did not contain any additional cognizable claims.  (Id. at 4-5.)  Plaintiff was given the option of proceeding with his excessive force claims or filing an amended complaint.  (Id. at 5, 7.)  Plaintiff elected to proceed with the excessive force claims and voluntarily dismissed all other claims.  (ECF No. 16.)

Neither party filed a motion for summary judgment nor requested additional time to file a motion for summary judgment before the deadline of October 22, 2021.  Several months after expiration of the dispositive motion deadline, the court issued an order directing the parties to show cause why this action should not be set for trial.  (ECF No. 39.)  Defendants filed a response in which they requested additional time to file a motion for judgment on the pleadings based on Heck.  (ECF No. 39.)  While it denied defendants' request, the court ordered the parties to file briefs addressing whether Heck is a jurisdictional bar to adjudication of the merits of plaintiff's claim.  (ECF No. 44.)  Defendants filed a response addressing the issue of jurisdiction and also addressing the application of Heck.  (ECF No. 46.)  Plaintiff filed a motion for stay, which the court denied.  (ECF Nos. 50, 54.)

On August 8, 2023, the previously assigned magistrate judge, Judge Barnes, issued findings and recommendations in which she recommended that this action proceed to trial.  Judge Barnes found the Heck bar is not jurisdictional.  In addition, Judge Barnes addressed defendants' contention that plaintiff's claims are barred by Heck.  Judge Barnes found that Heck is not an absolute bar to plaintiff's claims.  (ECF No. 55.)

////

1  In March 2024, Judge Barnes vacated the August 8 findings and recommendations. Judge
2  Barnes recognized that in a January 2024 opinion, the Ninth Circuit stated that delay in asserting
3  Heck as a defense did not constitute waiver of the defense. Judge Barnes directed the parties to
4  file supplemental briefing on whether plaintiff's claims are barred by Heck. (ECF No. 57.) Both
5  parties filed that briefing. (ECF Nos. 58, 59.)

**DISCUSSION**

The basis for defendants' argument is that plaintiff pleaded guilty and was convicted of battering Mossinger during the incident on January 21, 2018. Defendants contend that the facts underlying that conviction are completely at odds with plaintiff's contention that he was passive during the entire incident. Therefore, defendants argue, plaintiff's success on his §1983 claims would imply the invalidity of the battery conviction in violation of Heck and this action should be dismissed.

**I.     Legal Standards**

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a §1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing, inter alia, Heck v. Humphrey, 512 U.S. 477, 481 (1994)). Often referred to as the "favorable termination rule" or the "Heck bar," this exception to §1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

The Ninth Circuit has "repeatedly found Heck to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas." See Radwan v. Cnty. of Orange, 519 F. App'x 490, 490-91 (9th Cir. 2013) (citations omitted). "To decide whether

1  success on a section 1983 claim would necessarily imply the invalidity of a conviction, we must
2  determine which acts formed the basis for the conviction.  When the conviction is based on a
3  guilty plea, we look at the record to see which acts formed the basis for the plea." Lemos v. Cnty.
4  of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) (citing Smith v. City of Hemet, 394
5  F.3d 689, 696-97 (9th Cir. 2005); Sanford v. Motts, 258 F.3d 1117, 1119-20 (9th Cir. 2001)).

6      **II.**    **Plaintiff's Claims**

7        Before setting out plaintiff's allegations, the court first recognizes that plaintiff wishes to
8  dismiss defendant Mossinger from this suit.  (See ECF No. 59.)  Therefore, for purposes of the
9  applicability of Heck, the question before the court is whether plaintiff's success on his claims
10 against the remaining defendants would necessarily imply the invalidity of his conviction for
11 battering Mossinger.

12       Plaintiff's allegations of excessive force in the first amended complaint are fairly brief.
13 He alleges the following:  On January 21, 2018, defendant Mossinger kicked his cell door and
14 yelled for him to wake up to take his medication.  Plaintiff told Mossinger he did not need the
15 medication because it was only Tylenol.  Mossinger then snuck into the cell.  When plaintiff
16 realized Mossinger was in the cell he began to panic and blacked out.  When plaintiff woke up he
17 had been pulled from his bed, dragged to the door, and Officers Gill and Savage were on top of
18 him, strangling him with their radio cords.  He further states that Officers Mossinger and Goforth
19 were kicking him in the ribs, Officer Lewis was hitting him on the side of his head with a metal
20 baton, and Officer Andujo was standing on his ankles.  (First Am. Compl., ECF No. 14 at 5.)

21     **III.**    **Rules Violation Proceedings**

22       Before plaintiff's case was referred to the district attorney, HDSP found plaintiff guilty of
23 a rules violation for battery with a deadly weapon.  (ECF No. 46-3 at 3.)  Specifically, the hearing
24 officer found plaintiff "Guilty as Charged based on a preponderance of evidence."  (Id. at 17.)
25 The senior hearing officer's ("SHO") comments were:  "Based on the written evidence presented
26 during this Rules Violation Report (RVR) hearing the SHO has determined that sufficient
27 evidence has been presented to support a finding of guilty for the specific charge of Battery with a
28 deadly weapon."  (Id.)

The evidence used to support the SHO's findings was primarily the RVR authored by defendant Andujo. (See ECF No. 46-3 at 17.) Briefly, Andujo's report states the following. On January 21, 2018, Andujo and defendant Mossinger escorted a nurse to plaintiff's cell for distribution of medication. When Mossinger entered the cell and asked plaintiff if would like his medication, plaintiff refused it. Mossinger then took an "unauthorized smock" from plaintiff's bed. As Mossinger and Andujo were trying to leave the cell, plaintiff rushed the door. Mossinger then called for assistance. Plaintiff was able to partially exit the door. He ignored numerous orders to get down. Defendant Lewis struck plaintiff on the knee, but plaintiff continued to try to exit the cell. Plaintiff then grabbed his walker and struck Mossinger with it.

Thereafter, plaintiff continued to attempt to exit the cell. Lewis struck plaintiff several times with her baton. Defendant Goforth pushed plaintiff into the cell. Lewis and Goforth put plaintiff in a prone position. Plaintiff resisted being placed in handcuffs and thrashed his body to the left and right. He was placed in leg irons. (ECF No. 46-3 at 17-18.)

The hearing officer also relied on the reports of non-party officers Yang and Rainey and on a crime incident report by Mossinger. (ECF No. 46-3 at 18.) Yang's report was simply an interview with Andujo and contained no new information. (See id. at 7-8.) Rainey was assigned as an assistant to plaintiff and explained the proceedings and plaintiff's rights. (Id. at 6, 9-10.) It does not appear that Mossinger's report was provided by defendants.

**IV.     Proceedings in Superior Court**

Defendants ask the court to take judicial notice of records from plaintiff's Lassen County Superior Court case, People v. Joshua Davis Bland, No. CH36650. Plaintiff does not dispute the authenticity of these records. This court will grant defendants' request and discusses those records below. Fed. R. Evid. 201(b); Rosales-Martinez v. Palmer, 753 F.3d 890, 895 (9th Cir. 2014) ("It is well established that [federal courts] may take judicial notice of proceedings in other courts.").

Plaintiff was charged with violations of Penal Code § 4500 (assault with a deadly weapon by a person undergoing a life sentence) and Penal Code § 4501.5 (battery by a prisoner on a non-confined person). (Compl., ECF No. 46-1 at 10-11.) The district attorney's request to the court

for an arraignment date stated that the office had filed a new case based on "a High Desert State Prison incident report." (ECF No. 46-1 at 4.)  The complaint, however, simply listed the charges without reciting a factual basis.

At the plea hearing, the court asked: "Counsel, facts giving rise to Count II, the elements pertaining to Count II and the allegation of the prior, parties stipulate to a factual basis?"  Both attorneys responded "yes."  (ECF No. 46-1 at 50-51, 51-52.)  The court then clarified, "The battery on a non-confined person by a prisoner and the prior alleged."  Counsel responded "yes."  (Id. at 52.)  Plaintiff pleaded guilty to battery by a prisoner on a non-confined person and admitted the prior conviction.  (Id.)

V.     **Analysis**

Defendants argue that in pleading guilty in superior court, plaintiff stipulated to the facts in the RVR.  However, nothing about the transcript of plaintiff's plea hearing compels that conclusion.  Plaintiff stipulated that there was "a factual basis" for his plea.  Plaintiff did not specifically stipulate to the series of events set out in the RVR or the findings of the prison hearing officer.

Plaintiff pleaded guilty to battery.  In California, battery is defined as "any willful and unlawful use of force or violence upon the person of another."  Cal. Penal Code § 242.  "It thus has two stated elements: (1) a use of 'force or violence' that is (2) 'willful and unlawful.'"  People v. Miranda, 62 Cal. App. 5th 162, 173 (2021).  Plaintiff's guilt of using willful and unlawful force on Mossinger does not invalidate his allegations against the remaining defendants.  Plaintiff's allegations have a start – that he blacked out – and a finish – that he was beaten by the defendants.  A finding that these allegations are true does not necessitate a finding that plaintiff did not batter Mossinger before or after these events.

Defendants rely primarily on a recent case from this district: Taylor v. Jiminez, No. 1:19-cv-0068 JLT BAM P, 2024 WL 687971 (E.D. Cal. Feb. 20, 2024), rep. and reco. adopted, 2024 WL 1213775 (E.D. Cal. Mar. 21, 2024).  The court in Taylor was confronted with a Heck argument similar to that made here:

6

> This action proceeds, in part, on Plaintiff's claim that Defendants used excessive force when they allegedly deployed an OC-vapor-grenade in Plaintiff's cell on December 24, 2017, and then excessively beat Plaintiff without provocation or cause. However, according to the judicially-noticed records, Plaintiff received a ten-year prison sentence after he pled no contest to attacking Defendant Jimenez. This plea included a stipulation to the factual basis for that criminal charge, based on records showing that staff used force to gain control of Plaintiff following his unprovoked attack on Defendant Jimenez. Because Plaintiff's excessive force claim directly and irreconcilably conflicts with his criminal conviction for the same December 24, 2017 incident, success on that claim would necessarily imply the invalidity of Plaintiff's criminal conviction. Therefore, Plaintiff's excessive force claim is barred by the favorable termination rule. (ECF No. 45-2).

Id. at *2. The undersigned notes a crucial difference between the present case and Taylor. At the change of plea hearing, Taylor stipulated to the specific facts set out by the prosecution. The trial judge asked Taylor if he stipulated "to a factual basis based on the probable cause statement and the reports in discovery." Taylor, through his counsel, responded, "[y]es." (ECF No. 45-1 at 181.) The probable cause declaration includes a correctional officer's brief statement of the facts, including the actions of the plaintiff and of each officer. (Id. at 82.) Therefore, plaintiff Taylor had stipulated to a factual scenario at odds with his allegations that each officer identified as a defendant in the civil rights action used excessive force. There is no such specific stipulation in the present case.

The other cases cited by defendants as supporting their argument are also distinguishable. In some, the plaintiff had not plead guilty. Rather, a jury found facts that directly conflicted with the facts necessary to the plaintiff's §1983 claim. Velarde v. Duarte, 937 F. Supp. 2d 1204, 1215 (S.D. Cal. 2013) ("Because the jury's verdict rejected any claim that the deputy used excessive force, the [plaintiffs'] Section 1983 claims were barred under the favorable termination doctrine. (internal citation omitted).); Goodwin v. Billings, No. 1:17-cv-1708 DAD SAB P, 2018 WL 3424722, at *3 (E.D. Cal. July 12, 2018), rep. and reco. adopted, No. 1:17-cv-1708 DAD SAB P (E.D. Cal. Oct. 31, 2018) ("Plaintiff's theory that he merely sat down and, in effect, never battered [the officer] directly contradicts the jury's determination that he committed a battery on [that officer]."). In other cases, as in Taylor, the plaintiff had stipulated to facts placed on the record which irreconcilably conflicted with the allegations of the subsequent civil rights suit,

Sanders v. City of Pittsburg, 14 F.4th 968, 970 (9th Cir. 2021) (plaintiff stipulated that the factual basis for his plea "is based on the preliminary hearing transcript"); Chavez v. City of Cal., No. 1:19-cv-0646 DAD JLT P, 2020 WL 1234503, at *8-9 (E.D. Cal. Mar. 13, 2020) (plaintiff specifically stipulated to a factual basis for his claim that was placed on the record at his change of plea hearing), or the trial court found a factual basis for the plea based on facts that directly conflicted with the allegations in the §1983 action, Aguilera v. Molina, No. 18-CV-03389-HSG, 2023 WL 2065046, at *4 (N.D. Cal. Feb. 16, 2023).

Similarly, in some of the cases defendants cite, the legal basis for the §1983 action directly conflicted with the legal basis for the conviction. Chavez, 2020 WL 1234503, at *4 (plaintiff's success on §1983 claim challenging seizure would imply the invalidity of plaintiff's conviction for maintaining a place for the purpose of selling controlled substances); Avila v. McMahon, No. 2:18-cv-0163 JAM AC P, 2020 WL 6120202, at *6 (E.D. Cal. Oct. 16, 2020) ("A finding in plaintiff's favor on plaintiff's claim of false arrest would necessarily negate his conviction for the crime of driving on a suspended license."), rep. and reco. adopted, 2020 WL 7632161 (E.D. Cal. Dec. 22, 2020); Smith v. Hernandez, No. 1:16-cv-1267 DAD SAB P, 2018 WL 6809560, at *6 (E.D. Cal. Dec. 27, 2018) ("Plaintiff's theory depends on a finding that there was no cause for use of any force. Instead, Plaintiff's claim is that Defendant Cramer assaulted and then attempted to kill Plaintiff, and Plaintiff is not guilty of the battery felony to which he pleaded no contest."), rep. and reco. adopted, 2019 WL 331150 (E.D. Cal. Jan. 25, 2019); Monaco v. Moberg, No. CV 07-6536 CAS (FMO), 2008 WL 11411716, at *3 (C.D. Cal. Jan. 7, 2008) (plaintiff convicted of battery on one officer; plaintiff's §1983 claims against several officers were contingent on a finding that plaintiff did not commit that battery), rep. and reco. adopted, No. CV 07-6536 CAS (FMO), 2008 WL 11411735 (C.D. Cal. Jan. 30, 2008), aff'd in part as modified, vacated in part on other grounds, 362 F. App'x 866 (9th Cir. 2010).

The immediate question is not the likelihood that plaintiff will succeed on his civil rights claims. The question is whether success on his civil rights claims would "necessarily" imply the invalidity of plaintiff's conviction for battery against Mossinger. As explained above, a temporal line could potentially be drawn between a battery on Mossinger and the actions plaintiff alleges

8

were taken by the other defendants. This factual scenario is sufficiently divisible that <u>Heck</u> should not be a bar to plaintiff's claims. See <u>Hooper v. Cnty. of San Diego</u>, 629 F.3d 1127, 1134 (9th Cir. 2011) (claim for excessive force not barred under <u>Heck</u> where conviction and §1983 claim are "based on different actions during one continuous transaction." (citation and internal quotation marks omitted)); <u>Smith v. City of Hemet</u>, 394 F.3d 689, 699 (9th Cir. 2005) (facts indicated it was possible that police used excessive force against Smith <u>after</u> he engaged in the conduct that served as the basis of his conviction for resisting arrest); <u>Turner v. Byer</u>, No. 2:17-cv-1869 EFB P, 2020 WL 5518401, at *4 (E.D. Cal. Sept. 14, 2020) (no <u>Heck</u> bar where "the allegations in the complaint may be sub-divided . . . into two stages" and it is not apparent from the record what facts the jury relied on), <u>rep. and reco. adopted</u>, 2020 WL 6582267 (E.D. Cal. Nov. 10, 2020).

When determining the facts which form the basis of a plea, the Ninth Circuit has recognized that the absence of a statement of facts on the record is significant. In distinguishing <u>Hooper</u>, the Ninth Circuit in <u>Sanders</u> stated that, "[i]mportantly, the record [in <u>Hooper</u>] was silent on which act or acts formed the basis of her conviction." <u>Sanders</u>, 14 F.4th at 971. In <u>Chavez</u>, the court stressed the importance of the plaintiff's stipulation on the record to the specific facts which formed the basis of the charge. <u>Chavez</u>, 2020 WL 1234503, at *7-9. Plaintiff did not stipulate to any specific set of facts in his criminal proceeding, and the trial court did not find any during the change of plea hearing. Plaintiff's claims against the remaining defendants – Gill, Savage, Goforth, Lewis, and Andujo – should not be barred by <u>Heck</u>. This case should proceed to trial on those claims.

For the foregoing reasons, IT IS HEREBY ORDERED that defendants' request for judicial notice (ECF No. 46-1) is granted.

Further, IT IS RECOMMENDED that

1. Defendant Mossinger be dismissed from this action based on plaintiff's request (ECF No. 59);
2. Defendants' request to dismiss this case as <u>Heck</u>-barred (ECF No. 58) be denied; and
3. This case proceed to trial on plaintiff's excessive force claims against defendants Gill,

Savage, Goforth, Lewis, and Andujo.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE