UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JON MOSSINGER, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-00051-DAD-SCR (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S REQUEST TO DISMISS DEFENDANT MOSSINGER, AND DENYING DEFENDANTS' REQUEST TO DISMISS PLAINTIFF'S REMAINING CLAIMS AS *HECK*–BARRED<br><br>(Doc. Nos. 58, 61) |

Plaintiff Joshua Davis Bland, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 4, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' request to dismiss (Doc. No. 58) plaintiff's claims as *Heck*-barred be denied.  (Doc. No. 61 at 8–9.)  Specifically, the magistrate judge concluded that:  1) the record before this court did not establish that, in pleading guilty to battery against correctional officer Mossinger,[1] plaintiff had specifically stipulated to the series of events

---

[1] This defendant is referred to by the last name "Mossinger" in plaintiff's complaint and on the court's docket.  However, the parties have often referred to this defendant by the last name of "Messinger."  The court is unaware of any notice of name correction having been filed and will therefore continue to refer to this defendant as "Mossinger."

1

1   set out in the rules violation report issued by prison authorities; 2) plaintiff's success on his
2   excessive use of force claims brought against the defendant correctional officers other than
3   Mossinger would not necessarily imply the invalidity of plaintiff's conviction for battery against
4   defendant Mossinger; 3) plaintiff's request to dismiss Mossinger as a defendant in this action
5   should be granted; and 4) in light of the lack of a specific set of facts stipulated to by plaintiff as
6   the factual basis for his plea to the battery charge, his remaining claims for excessive use of force
7   brought against defendants Gill, Savage, Goforth, Lewis and Andujo are not *Heck*-barred and
8   should proceed to trial. (*Id.* at 6–9.)

9         The pending findings and recommendations were served on the parties and contained
10  notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
11  at 10.) On December 13, 2024, defendants filed their objections to the findings and
12  recommendations. (Doc. No. 62.) On January 13, 2025, plaintiff filed a response to defendants'
13  objections. (Doc. No. 63.)

14        In their objections, defendants suggest that plaintiff did stipulate to a factual basis for his
15  plea of guilty to battery which specifically incorporated the rules violation report issued against
16  plaintiff by prison officials stemming from this incident. (Doc. No. 62 at 2.) In addition,
17  defendants argue that the allegations of plaintiff's complaint and his theory of defendants'
18  liability as to his excessive use of force claim are in direct conflict with his battery against
19  correctional officer Mossinger to which he entered his plea of guilty. (*Id.* at 3–5.)[2] The
20  undersigned is not persuaded by the arguments advanced by defendants in their objections,
21  concluding that they appear to be unsupported by the record before this court.

22        First, defendants cite to the transcript of plaintiff's change of plea hearing, suggesting that
23  it somehow reflects a stipulation to a specific set of facts by plaintiff. (*Id.* at 2.) A review of the
24  cited portion of the state court transcript reveals that it does not do so, but instead reflects a

---

[2] Plaintiff's response to defendants' objections are in large part undecipherable. However, plaintiff does suggest that: (1) he did not stipulate to any specific set of facts in entering his plea to battery and stipulating that there was a factual basis for that plea and (2) that he entered his plea pursuant to *People v. West*, 3 Cal.3d 595 (1970) and did so only to avoid a sentence of 25 years-to-life if he had been convicted of the charge at trial. (Doc. No. 63 at 1; *see also* Doc. No. 46-1 at 70–71.)

2

1   simple response of "yes" by plaintiff's criminal counsel to the judge's question of whether the
2   parties stipulated to a factual basis.  (*See* Doc. No. 46-1 at 50–51.)  Next, defendants state that the
3   criminal complaint charging plaintiff with the battery of Mossinger documented that the charge
4   was based on a CDCR incident report log number "HDSP-CSO-18-01-0038."  (Doc. No. 62 at 2)
5   (citing Doc. No. 46-1 at 10–11; 46-2).  A review of the cited documents, however, fails to support
6   defendants' assertion in this regard as well.  The first documents cited by defendants is the two-
7   page first amended criminal complaint filed in the Lassen County Superior Court.  The caption of
8   that document states that it is being filed in a case entitled "*The People of the State of California,*
9   *Plaintiff, vs. Joshua Davis Bland*, P-29302, (035-0051539)(P19-0020)(HDSP-CSO-18-01-0038)
10  Defendant."  (Doc. No. 46–1 at 10.)  Nowhere else in the first amended criminal complaint are
11  the numbers appearing in the caption after defendant's name referred to, nor are those numbers or
12  what they refer to identified in any way.  Certainly, there is no reference to any connection
13  between the facts alleged in the amended criminal complaint and the numbers appearing after
14  Bland's name in its caption. The other document cited by defendants in support of their argument
15  is merely the attestation of the Litigation Coordinator at HDSP with respect to documents
16  produced from the prison's files and appears to have nothing to do with the question of whether
17  the criminal complaint documented the factual basis for plaintiff's guilty plea.  (Doc. No. 46-2.)
18  Finally, defendants suggest in their objections that plaintiff's signed plea agreement
19  acknowledged his stipulation of a factual basis for his plea to the battery based on "this report"—
20  defendants apparently again referring to HDSP-CSO-18-01-0038.  (Doc. No. 62 at 2) (citing Doc.
21  No. 46-1 at 70–71).  Once again, a review of the documents cited by defendants' counsel does not
22  appear to support their claim.  In this regard, defendants cite to a portion of the change of plea
23  form signed by plaintiff and his criminal defense counsel on April 19, 2019.  (Doc. No. 46-1 at
24  70–71.)  At the cited portion of the form, the box next to "guilty" is checked.  (*Id.* at 70.)  In the
25  section stating "I understand that the court may consider the following as proof of the factual
26  basis for my plea[,]" the boxes labeled "(b) Police report" and "(g) (Specify facts)" are checked
27  and next to the latter appears the handwritten entry "Stipulation of Parties."  (*Id.*)  The box
28  labeled "(f) Other (specify)" is not checked.  (*Id.*)  Nowhere is there a description of the "police

report" referred to or identification of it as the prison's rule violation report.  There simply is no reference to anything associated with "HDSP-CSO-18-01-0038" as defendants suggest.  The attorney statement portion of the form reflects that only the same two boxes were checked by plaintiff's criminal counsel.  (*Id*. at 71.)[3]

     Finally, defendants argue in their objections that the allegations of plaintiff's complaint in this case and his theory of his excessive use of force claim against defendant officers other than officer Mossinger are in direct conflict with, and negate, the elements of his battery conviction.  (Doc. No. 62 at 4–5.)  This argument is also unavailing.  Defendants contend that plaintiff's theory of the case is "in effect" that he never battered correctional officer Mossinger.  (*Id.*) (citing Doc. No. 14 at 5.)  However, the cited section of plaintiff's first amended complaint ("FAC") in this case once again fails to support this argument advanced by defendants.  Plaintiff essentially alleges that after officer Mossinger entered his cell, plaintiff "began to panic" and "blacked out" as occurs when he has a "seizure" and that when he "came to" the defendant officers were using excessive force against him.  (Doc. No. 14 at 5.)  Nowhere in the section of the FAC cited to by defendants does plaintiff allege that he did not commit a battery against officer Mossinger.  Rather, he merely alleges that he blacked out shortly after officer Mossinger entered his cell and when he came to he was being subjected to the excessive use of force.  Given the allegations of plaintiff's FAC the court cannot conclude that a verdict in his favor on his excessive use of force would imply the invalidity of his criminal conviction for battery against correctional office Mossinger.[4]

/////

---

[3] It appears to the undersigned that defendants' objections strain to make the state court record in plaintiff's criminal case appear clear as to the specific factual basis for his guilty plea when it is anything but.  Most importantly, as pointed out in the magistrate judge's pending findings and recommendations, nothing in the transcript of plaintiff's change of plea hearing suggests that he stipulated to any specific series of events in entering that plea.  (Doc. No. 61 at 6.)

[4] In the event plaintiff were to present a theory of liability at the trial of this case based upon an assertion that he did not commit a battery against correctional officer Mossinger (as opposed to not knowing if he did because he had blacked out), defendants could renew the arguments presented in their objections.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
2    court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
3    including defendants' objections and plaintiff's response thereto, the court finds the findings and
4    recommendations to be supported by the record and by proper analysis.

5    Accordingly:

6    1.   The findings and recommendations (Doc. No. 61) are adopted;

7    2.   Defendant Mossinger is dismissed from this action pursuant to plaintiff's request
8         (Doc. No. 59) and the Clerk of the Court is directed to so reflect on the docket;

9    3.   Defendants' request to dismiss this case as *Heck*-barred (Doc. No. 58) is denied
10        without prejudice to its renewal at trial in the event that plaintiff presents his case
11        to the jury at trial on a theory of the defendants' liability that would be in conflict
12        with, and imply the invalidity of, his conviction for battery against defendant
13        Mossinger; and

14   4.   This case is referred back to the assigned magistrate judge for further proceedings
15        consistent with this order including the setting of a date for jury trial on plaintiff's
16        excessive force claims brought against defendants Gill, Savage, Goforth, Lewis,
17        and Andujo (as well as all trial related dates) and for the issuance of a final pretrial
18        order based upon final pretrial statements submitted by the parties.

19   IT IS SO ORDERED.

20   Dated:   **February 24, 2025**              /s/ Dale A. Drozd
21                                               DALE A. DROZD
                                                 UNITED STATES DISTRICT JUDGE

5