UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:20-cv-00051 DAD SCR P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| MOSSINGER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the undersigned is plaintiff's motion for appointment of counsel (ECF No. 75), styled as a request for reconsideration of the court's prior order denying counsel (ECF No. 34). Plaintiff has also filed a motion to compel the California Department of Corrections and Rehabilitation ("CDCR") and Kern Valley State Prison ("KVSP") to allow him access to his legal materials. (ECF No. 79).

**PLAINTIFF'S MOTION TO APPOINT COUNSEL**

**I.      Plaintiff's Motion**

Plaintiff requests the appointment of counsel to "safeguard his private rights, titles, and interests." (ECF No. 75 at 1.) Plaintiff frames his motion as a request for reconsideration of an order dated November 29, 2021, in which Judge Barnes, the previously assigned magistrate judge, denied plaintiff's request for counsel "without prejudice to its renewal at a later stage of the proceedings." (ECF No. 34 at 2.) For support, plaintiff references a portion of that order in

which Judge Barnes questioned plaintiff's ability to proceed pro se:

> In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments regarding sovereignty and his filings in this action indicate that he is unable to articulate his claims pro se. Therefore, the court will deny the request for counsel without prejudice to its renewal at a later stage of the proceedings.

(ECF No. 34 at 2). Plaintiff maintains that it being a "later of a stage of the proceedings" the appointment of counsel is now warranted. (ECF No. 75 at 2.)

## II. Legal Standard

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

### III. Discussion

Plaintiff has not identified "new or different facts or circumstances" warranting reconsideration of the previous order. See Local Rule 230(j); McCoy v. Stronach, 494 F. Supp. 3d 736, 739 (E.D. Cal. 2020) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of that which was already considered by the Court in rendering its decision.") (internal quotations omitted). Judge Barnes' order denying plaintiff's request for counsel "without prejudice to its renewal at a later stage of the proceedings" meant only that plaintiff could request counsel again. It did not guarantee plaintiff counsel or excuse him from showing exceptional circumstances or some other justification for the voluntary assistance of counsel.

Here, plaintiff has not identified any exceptional circumstances or other bases for the appointment of counsel. His desire for counsel to "safeguard" his interests is a circumstance common to most prisoners that does not warrant a request for voluntary assistance of counsel. See Howard v. Hedgpeth, No. 08-CV-0859 RTB PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) ("When determining whether to request counsel on behalf of an indigent plaintiff, the relevant consideration is not one of convenience."). The undersigned does share Judge Barnes' concerns regarding plaintiff's repeated sovereignty filings. But at the same time, plaintiff has shown an ability to research and articulate his excessive force claims throughout the proceedings, particularly in opposing defendants' efforts to dismiss the action as barred by Heck v. Humphrey, 512 U.S. 477 (1994).[1] (See, e.g., ECF No. 59.) So long as plaintiff can articulate his claims against the relative complexity of the matter, the exceptional circumstances that may support the appointment of counsel do not exist. See Terrell, 935 F.2d at 1017.

Accordingly, plaintiff's request for the appointment of counsel is denied. Given this is plaintiff's third motion to appoint counsel and undersigned finds plaintiff can articulate his claims at trial, plaintiff's motion is denied with prejudice.

---

[1] Defendants' motion for reconsideration of District Judge Drozd's order denying their motion to dismiss is still pending. (ECF No. 65.)

3

**PLAINTIFF'S MOTION TO COMPEL ACCESS TO LEGAL PAPERS**

Plaintiff has also requested an order compelling CDCR and/or KVSP to allow him to access his legal papers, typewriters, and supplies pursuant to Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991).[2] Plaintiff explains that he transferred to KVSP on May 9, 2025, and lacks access to these materials. (ECF No. 79 at 1-2.) In his pretrial statement dated May 14, 2025, plaintiff added that his typewriter is ADA-approved and that he has difficulty holding pens and pencils because of arthritis. (ECF No. 80 at 9.)

The undersigned is concerned that plaintiff may be unable to prosecute this action if he is denied access to the legal materials, particularly if, as alleged, those materials are approved accommodations for his physical disabilities. Accordingly, defendants' counsel is directed to confer with the KVSP Litigation Coordinator and file a status report addressing plaintiff's motion. The status report shall be filed within fourteen days of the date of this order.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel and motion for reconsideration (ECF No. 79) is DENIED with prejudice

2. Plaintiff's motion to compel CDCR/KVSP to allow him access to his legal supplies (ECF No. 79) is GRANTED IN PART. Defendants' counsel is directed to confer with the KVSP Litigation Coordinator and, within fourteen days of the date of this order, file a status report addressing plaintiff's motion.

DATED: August 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] In Gluth, the Ninth Circuit affirmed the lower court's ruling that the prison's indigency policy, which did not allow inmates to purchase required hygiene supplies as well as the legal supplies necessary to litigate their claims, was "inconsistent" with the fundamental constitutional right of access to the courts. Id. at 1508-09.