UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>Plaintiff,<br><br>v.<br><br>JON MOSSINGER, et al.,<br><br>Defendants. | No. 2:20-cv-00051-DAD-SCR (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION AND AGAIN DENYING DEFENDANTS' MOTION TO DISMISS THIS ACTION AS *HECK* BARRED WITHOUT PREJUDICE<br><br>(Doc. No. 65) |

On February 25, 2025, the court adopted the assigned magistrate judge's findings and recommendations and denied defendants' request to dismiss plaintiff's remaining claims as barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 64.) Defendants filed a motion for reconsideration of that order pursuant to Federal Rule of Civil Procedure 60(b)(1) and Local Rule 230(j). (Doc. No. 65.)

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when

1

they could reasonably have been raised earlier in the litigation.'") (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, in the order adopting the recommendation that defendants' request to dismiss plaintiff's complaint as *Heck*-barred be denied, the undersigned rejected defendants' argument that in entering his plea of guilty to battery on correctional officer Mossinger in state court, plaintiff had stipulated to the specific set of facts set forth in a CDCR Incident Report (HDSP-CSO-18-01-0038) issued as a result of the incident in question. (Doc. No. 64 at 2–4.) In their pending motion for reconsideration defendants contend that this conclusion was premised on a clearly erroneous finding of fact on the part of the court. (Doc. No. 65 at 4–8.) In advancing this argument defendants for the first time cite to plaintiff's plea agreement in his state criminal prosecution, as opposed to the abstract of judgment and entry of plea transcript (*see* Doc. No. 46-1 at 24, 44–45), in support of the suggestion that the plea agreement's reference to an incident report number and to a "police report" can only be fairly read under the circumstances as referring to the incident report, thereby making that incident report part of the factual basis for plaintiff's guilty plea. (Doc No. 64 at 5.) Now that it has been presented somewhat more clearly by defendants[1], the undersigned does not disagree with this reading of the record as to the factual basis for plaintiff's plea of guilty to battery on Officer Mossinger. The court will therefore grant in part defendants' motion for reconsideration to correct that factual error.

That correction, however, does not entitle defendants to dismissal of plaintiff's complaint as to the remaining defendants as *Heck*–barred. In this regard, in moving for reconsideration

---

[1] The court found defendants' previously advanced arguments on this point set forth in their original briefing as well as in their objections to the findings and recommendations to be muddled at best. Specifically, in the court's view, neither in their supplemental briefing nor in their objections did defendants specifically site to the portion of plaintiff's plea agreement showing that the factual basis for the plea included the, inaccurately identified, "police report." (See Doc. No. 46-1 at 69.) Moreover, defendant still has not offered any explanation as to why they did not clearly present the facts or circumstances upon which they now rely at the time of their filing of their motion to dismiss or in their objections to the findings and recommendations. See L.R. 230(j); *Marlyn Nutraceuticals, Inc.,* 571 F.3d at 880. Nonetheless, the court did conflate the CDCR incident report and the rules violation report in its order adopting the findings and recommendations and denying defendants' motion to dismiss. (*See* Doc. No. 65 at 5.) The court will therefore grant defendants' motion for reconsideration in part to correct that error.

defendants do not present any new or different facts or circumstances demonstrating that plaintiff's remaining claims are barred under *Heck*. Rather, it remains the case that there is nothing necessarily incompatible between plaintiff's excessive force allegations against the remaining defendant officers and his conviction for battery upon Officer Mossinger. Plaintiff can both have battered Officer Mossinger and the remaining defendants could conceivably have used excessive force against him in response. As the undersigned has previously noted:

> Nowhere in the section of the FAC cited by defendants does plaintiff allege that he did not commit a battery against officer Mossinger. Rather, he merely alleges that he blacked out shortly after officer Mossinger entered his cell and when he came to he was being subjected to the excessive use of force.

(Doc. No. 63 at 4.) Indeed, plaintiff could have battered Mossinger before he blacked out or after he again gained consciousness. In either case, defendants have not established anything necessarily incompatible between plaintiff's excessive use of force claim against the other defendant officers and his conviction for battery against Officer Mossinger. The court finds defendants' remaining arguments raised in support of dismissal of the complaint as *Heck*-barred upon reconsideration to be unpersuasive as well.

Accordingly, for the reasons explained above:

1. Defendants' motion for reconsideration (Doc. No. 65) is GRANTED IN PART and DENIED IN PART;

2. Upon reconsideration, the findings and recommendations (Doc. No. 61) are again ADOPTED;

3. Defendant Mossinger remains DISMISSED from this action pursuant to plaintiff's request (Doc. No. 59);

4. Defendants' request to dismiss this case as *Heck*-barred as to the remaining defendants is again DENIED without prejudice to its renewal at trial in the event plaintiff presents his case to the jury on a theory of liability that would be in conflict with, and imply the invalidity of, his conviction for battery against Officer Mossinger; and

/////

/////

3

5.  This case remains scheduled before the undersigned for a Trial Confirmation Hearing on January 26, 2026 at 1:30 p.m. via Zoom and for Jury Trial on February 17, 2025 at 9:00 a.m. in Courtroom 4.

IT IS SO ORDERED.

Dated:   **September 30, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE